UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Champagne Louis Roederer,

    Plaintiff,

v.                                                                           Civil No. 06-213 (JNE/SRN)
                                                                         ORDER

J. Garcia Carrion, S.A.,
and CIV USA,

    Defendants.

_____

Allen W. Hinderaker, Esq., John A. Clifford, Esq., and Heather J. Kliebenstein, Esq., Merchant & Gould P.C., appeared on brief for Plaintiff Champagne Louis Roederer.

Peter J. Gleekel, Esq., Michael T. Olsen, Esq., and Bradley J. Walz, Esq., Winthrop & Weinstine, P.A., appeared on brief for Defendants J. Garcia Carrion, S.A., and CIV USA.

_____

Champagne Louis Roederer (Roederer) asserts trademark infringement, trademark dilution, and related claims against J. Garcia Carrion, S.A., and CIV USA (collectively, Defendants). J. Garcia Carrion (Carrion) produces, and CIV USA imports, cava under the names CRISTALINO JAUME SERRA and CRISTALINO. Roederer alleges that this cava infringes and dilutes its CRISTAL CHAMPAGNE and CRISTAL CHAMPAGNE LR trademarks, which are federally registered. Defendants deny any infringement or dilution and assert the affirmative defenses of laches, equitable estoppel, acquiescence, and waiver. A bench trial is scheduled to begin on February 10, 2010. The case is before the Court on Roederer's motions in limine.

I. **Motion to Strike Affirmative Defenses**

    A. **Background**

On April 15, 2008, Defendants moved for summary judgment on the ground of laches. In an Order dated July 23, 2008, the Court granted Defendants' motion and dismissed the action. In

an opinion dated June 24, 2009, the United States Court of Appeals for the Eighth Circuit reversed the grant of summary judgment and remanded for further proceedings consistent with the opinion. *Champagne Louis Roederer v. J. Garcia Carrion, S.A.*, 569 F.3d 855 (8th Cir. 2009). Roederer now moves to strike Defendants' affirmative defenses of laches, equitable estoppel, acquiescence, and waiver under the law of the case and mandate doctrines.

  **B.**  **Analysis**

  The law of the case doctrine requires a district court bound by the authority of an appellate court to follow the mandate of the appellate court. *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir. 1995); *see* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.3 (2d ed. 2009) ("Law-of-the-case terminology is often employed to express the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system."). "On remand, the district court 'is without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the appellate court opinion deciding the case.'" *Pearson v. Norris*, 94 F.3d 406, 409 (8th Cir. 1996) (quoting *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940)). The appellate court retains the authority to decide whether the district court scrupulously and fully carried out the mandate's terms. *Jaramillo*, 59 F.3d at 80.

  In its opinion reversing the grant of summary judgment, the Eighth Circuit explained that a defendant, to successfully assert laches as a defense, must demonstrate that (1) the plaintiff delayed in asserting a right or a claim, (2) the delay was not excusable, and (3) there was undue prejudice to the party against whom the claim is asserted. *Champagne Louis Roederer*, 569 F.3d at 859. When evaluating laches, courts also consider the doctrine of progressive encroachment, where the time of delay is measured from the date infringement became actionable and provable

rather than the date the plaintiff first learned of the potentially infringing mark. *Id.* In addition, courts tend to reject laches as a defense in trademark actions when the defendant knew that the plaintiff objected to the defendant's use of the mark. *Id.*

The Eighth Circuit gave three reasons for its reversal. First, the court of appeals concluded that the Court's progressive encroachment analysis was inadequate. *Id.* at 859-60. Second, the court of appeals found that "Carrion was (or should have been) on notice that Roederer objected to the use of the 'CRISTALINO' mark" because "Roederer successfully opposed Jaume Serra's registration of the 'CRISTALINO' mark in Spain in 1990" and "had also opposed the registration of the 'CRISTALINO JAUME SERRA' mark in Columbia and the United States in 1991 and 1997, respectively."[1] *Id.* at 860. Third, the Eighth Circuit found that "Carrion has failed to show that it suffered undue prejudice as a result of Roederer's delay in bringing suit" because the investments made by Carrion to increase the production capacity of the plant where it produced cava, including CRISTALINO cava, were general investments in an industry rather than an investment in CRISTALINO cava itself. *Id.* at 861 ("The Cristalino brand accounted for approximately 9% of Jaume Serra's output after the improvements were completed in 2003. When a defendant has invested generally in an industry, and not a particular product, the likelihood of prejudicial reliance decreases in proportion to the particular product's role in the business.").

Defendants argue that the Eighth Circuit reversed and remanded for further analysis and findings of fact. This argument is not supported by the language of the opinion. The opinion

---

[1] Jaume Serra, another Spanish corporation, was the original producer of CRISTALINO cava. Jaume Serra and Carrion merged into a single entity operating under the Carrion name in August 1998. The Eighth Circuit explained that if Carrion were permitted to stand in the shoes of Jaume Serra for purposes of asserting laches as a defense, Carrion must also be deemed constructively aware of Roederer's oppositions to the CRISTALINO mark before Carrion merged with Jaume Serra. *Champagne Louis Roederer*, 569 F.3d at 857, 860.

clearly states that Roederer's oppositions to registration of the CRISTALINO marks in Spain in 1989, Colombia in 1991, and the United States in 1997 put Carrion on actual or constructive notice of Roederer's objections to Carrion's use of CRISTALINO. *See id.* at 860 ("Furthermore, Carrion was (or should have been) on notice that Roederer objected to the use of the 'CRISTALINO' mark."). The opinion also clearly states that Carrion's investment in the Jaume Serra plant did not "show that [Carrion] suffered undue prejudice as a result of Roederer's delay in bringing suit." *Id.* at 861. Although Defendants maintain that additional analysis is required to determine if Roederer had an actionable claim in 1995 under the doctrine of progressive encroachment, the Eighth Circuit's conclusion that Carrion was on notice of Roederer's objections as early as 1989 and suffered no prejudice as a result of Roederer's delay makes the question of whether Roederer had an actionable claim in 1995 irrelevant to the issue of laches.

Finally, Defendants maintain that the Eighth Circuit relied on "inaccurate facts" when deciding that Carrion had notice of Roederer's objections to Jaume Serra's use of CRISTALINO based on the proceedings before the trademark offices of Spain, Colombia, and the United States. "Under the law of the case doctrine, 'a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice.'" *Yankton Sioux Tribe v. Podhradsky*, 577 F.3d 951, 962 (8th Cir. 2009) (quoting *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). Defendants contend that the Eighth Circuit erred in relying on Roederer's opposition to the registration of CRISTALINO in Spain because registration was refused in that country on grounds other than likelihood of confusion. This argument misses the point that it was Roederer's *opposition* that that gave notice, not the refusal of registration. Next, Defendants contend that the Eighth Circuit erroneously stated that Roederer opposed Jaume Serra's

4

registration of CRISTALINO in the United States in 1997 because, although Roederer filed two extensions of time to file an opposition, Roederer never actually filed an opposition. The Court is not persuaded that the difference between filing an opposition and filing a request to extend the time to file an opposition is meaningful for present purposes, much less "clearly erroneous." Further, in light of Roederer's opposition to the registration of CRISTALINO in Spain in 1989 and Colombia in 1991, any misapprehension by the court of appeals of the later proceedings in the United States does not result in a manifest injustice because Jaume Serra, and consequently Carrion, already had notice of Roederer's objections from the earlier oppositions. Moreover, Defendants do not identify any substantially different evidence relevant to notice or prejudice that would permit deviation from the mandate. Defendants' affirmative defense of laches is foreclosed by the opinion of the court of appeals.

Roederer maintains that the Eighth Circuit's decision on the issue of laches also governs the defenses of equitable estoppel, acquiescence, and waiver. The law of the case doctrine extends to all issues implicitly settled in prior rulings as well as actual holdings. *Roth v. Sawyer-Cleator Lumber Co.*, 61 F.3d 599, 602 (8th Cir. 1995). The defenses of equitable estoppel and acquiescence require a showing of prejudice. *See Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1558 (11th Cir. 1991) ("The defense of acquiescence requires proof of three elements: (1) That petitioner actively represented that it would not assert a right or a claim; (2) that the delay between the active representation and assertion of the right or claim was not excusable; and (3) that the delay caused the registrant undue prejudice."); *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 362 F. Supp. 2d 1113, 1126 (D. Minn. 2005) ("The analysis for prejudice under equitable estoppel is the same as that under laches."). The defense of waiver "requires evidence of a voluntary and intentional relinquishment or abandonment of a known

5

right." *Haghighi v. Russian-Am. Broad. Co.*, 173 F.3d 1086, 1088 (8th Cir. 1999). The Eighth Circuit's decision that Defendants suffered no prejudice as a result of Roederer's delay and that Roederer asserted its trademark rights by opposing the registration of CRISTALINO in Colombia, Spain, and the United States forecloses Defendants from asserting the affirmative defenses of equitable estoppel, acquiescence, and waiver. The Court grants Roederer's motion to strike the affirmative defenses of laches, equitable estoppel, acquiescence, and waiver.[2]

## II. Motion to Exclude Testimony of Dr. Itamar Simonson

Roederer moves to exclude under Rule 702 of the Federal Rules of Evidence certain testimony of Defendants' expert, Dr. Itamar Simonson. A witness may testify as an expert if qualified "by knowledge, skill, experience, training, or education," and if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

Roederer first asserts that Simonson's testimony relating to the likelihood of confusion between CRISTALINO cava and Roederer's CRISTAL marks will be unhelpful to and will invade the province of the Court. Paragraphs 55-62 of Simonson's report contain his opinion on the ultimate issue of likelihood of confusion and the underlying factors, which are set forth in *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1090-91 (8th Cir. 1980). "An expert's opinion on the ultimate factual issue of whether there is or is not a likelihood of confusion is not usually

---

[2] The parties cite the Eighth Circuit's denial of Defendants' petition for rehearing in support of their respective positions. The Court declines to draw any inferences from the denial of the petition for rehearing. *See Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1479 (Fed. Cir. 1998) ("Courts normally do not respond to petitions for rehearing and it would be a mistake to conclude that a court's non-response to an argument made in a rehearing petition necessarily means that the court has rejected that argument on the merits.").

6

allowed. However, expert testimony on the factual factors that go into the ultimate finding on the confusion issue is generally quite proper and helpful to both judge and jury." 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23:2.75 (4th ed. 2009); *see YKK Corp. v. Jungwoo Zipper Co.*, 213 F. Supp. 2d 1195, 1203 (C.D. Cal. 2002) (excluding expert testimony as to likelihood of confusion but finding expert's opinions on underlying factors admissible). In support of its motion, Roederer cites cases where the expert's opinion was based on observation of readily apparent facts or cases involving a jury trial. *See, e.g.*, *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 397-98 (9th Cir. 1982) (finding affidavit of professor of English containing "no facts other than the obvious sounds and spellings" of "Match" and "Macho" was insufficient to create a genuine issue of material fact as to similarity of the marks); *Patsy's Italian Rest., Inc. v. Banas*, 531 F. Supp. 2d 483, 485-86 & n.3 (E.D.N.Y. 2008) (excluding testimony of expert based on "design of their logos, menus, web presence, product package design and signage" in jury trial; distinguishing cases "not involv[ing] jury trials" as inapposite); *Trouble v. Wet Seal*, 179 F. Supp. 2d 291, 303 (S.D.N.Y. 2001) (excluding testimony on likelihood of confusion in jury trial where witness was not qualified as an expert and only "visited several of the parties' stores, looked at their products, and reviewed [plaintiff's] confusion logs"). Unlike the witnesses in those cases, Simonson opined as to the trade channels, target customers, and marketing of CRISTALINO cava and CRISTAL champagne. This testimony will assist the Court in understanding the facts underlying the likelihood-of-confusion determination, and it does not present the danger of misleading the finder of fact that is present in a jury trial. Simonson's testimony as to the ultimate issue of likelihood of confusion, however, will not help the Court because it merely tells the Court what conclusion to reach. Consequently,

7

the Court grants Roederer's motion insofar as Roederer seeks exclusion of Simonson's testimony as to the ultimate issue of likelihood of confusion.

Roederer also asserts that Simonson's testimony about the *SquirtCo* factors should be excluded because his opinions are not based on facts or data. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). Here, Roederer contends that Simonson's opinions are not based on facts or data because his opinion was based on only the Complaint and Answer, Roederer's expert reports, Internet searches, and visits to a supermarket and wine stores. The Court's review of the facts described in Simonson's expert report and discussed during his deposition indicate that his testimony is not "so fundamentally unsupported that it can offer no assistance" to the Court. *See Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995). Roederer may attack Simonson's testimony with vigorous cross-examination and the presentation of contrary evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993). Insofar as Roederer seeks exclusion of Simonson's opinions on the ground that they are not based on facts or data, the Court denies the motion.

Roederer also asserts that Simonson's testimony as to the *SquirtCo* factors should be excluded because he did not identify the specific principles on which his opinions are based and did not explain how any such principle applies to the facts of this case. Defendants respond that Simonson's testimony is based on basic principles of marketing and consumer behavior, including the principles of segmentation, targeting, and positioning.[3] The Court's review of Simonson's expert report and deposition testimony indicates that Simonson applied these

---

[3] Roederer does not contend that these principles are unreliable.

8

principles to the facts of this case. For example, Simonson testified that CRISTAL champagne and CRISTALINO cava were in different market segments based on the difference in price. Simonson's application of general marketing principles to the facts stated in his expert report meets the requirements of Rule 702.

Finally, Roederer seeks exclusion of Simonson's testimony that Roederer's expert, Dr. Leon Kaplan, designed the surveys criticized in *Kargo Global, Inc. v. Advance Magazine Publishers, Inc.*, No. 06 Civ. 550, 2007 WL 2258688 (S.D.N.Y. Aug. 6, 2007), and *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 340 F. Supp. 2d 415 (S.D.N.Y. 2004). As Defendants admit in their response brief, whether Kaplan designed the surveys discussed in *Kargo Global* and *Louis Vuitton* is irrelevant. Defendants contend, however, that Simonson's testimony is relevant to whether the flaws present in those surveys are also present in the survey conducted by Kaplan for Roederer. Simonson's opinion that Kaplan designed the surveys discussed in *Kargo Global* and *Louis Vuitton* will not help the Court in evaluating the survey conducted by Kaplan for Roederer, and it is irrelevant to the similarities between the surveys. The Court grants Roederer's motion to exclude Simonson's testimony that Kaplan designed the surveys in *Kargo Global* and *Louis Vuitton*.

### III. Motion to Exclude Trial Exhibits Relating to Third-Party Trademark Registrations and Goods

Roederer moves to exclude Defendants' trial exhibits relating to third-party trademark registrations and goods, which consist of trademark search reports, surveillance reports, and photographs of goods. Roederer contends that the exhibits are not relevant to the strength of the CRISTAL marks. Defendants respond that the exhibits are relevant to the strength of the CRISTAL marks, Defendants' intent in adopting the CRISTALINO mark, and Roederer's knowledge of the third-party registrations. Defendants also submitted a supplemental list of

9

exhibits which they maintain provide evidence of actual use of marks similar to CRISTAL on goods similar to CRISTAL champagne.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although "evidence of third party usage of similar marks on similar goods is admissible and relevant to show that the mark is relatively weak and entitled to a narrower scope of protection," *General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 626-27 (8th Cir. 1987), the recitation of third-party registrations without accompanying evidence of use is not proof of a mark's strength, *see* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:89 (4th ed. 2009). When accompanied by evidence of actual use, however, third-party registrations are relevant and probative to a mark's strength. *See CareFirst of Md., Inc. v. First Care, P.C.*, 434 F.3d 263, 270 (4th Cir. 2006) (finding trademark search reports, web page print-outs from similar businesses using similar marks, and investigator's report confirming that many businesses with those names were currently active indicated that plaintiff's mark was "not a distinctive or unusual term in the industry, and hence not conceptually strong"); *General Mills*, 824 F.2d at 627 (finding no error in reliance on third-party registrations in conjunction with evidence of other currently used marks incorporating words identical or similar to plaintiff's mark). In light of Defendants' stated intent to introduce evidence of actual use at trial, the Court declines to exclude trial exhibits relating to third-party trademark registrations and goods on relevance grounds at this time.

Roederer seeks exclusion of the exhibits because their use at trial is unfairly prejudicial and likely to cause undue delay and waste time. Rule 403 of the Federal Rules of Evidence permits the exclusion of relevant evidence if "its probative value is substantially outweighed by

10

the danger of unfair prejudice . . . or by considerations of undue delay [or] waste of time." "Since the judge must hear the evidence in ruling on the motion to exclude the evidence under Rule 403, exclusion of the evidence on grounds of prejudice in a bench trial is described as a 'useless procedure.'" 22 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5213 (1st ed. 2009). Moreover, the Court is not persuaded that the admission of evidence of third-party registrations and goods will be so time-consuming as to substantially outweigh the probative value of the evidence. The Court denies Roederer's motion to exclude the exhibits under Rule 403.

Finally, Roederer contends that the exhibits are hearsay. Defendants respond that they are prepared to provide appropriate foundation for the exhibits at trial. Defendants also assert that the exhibits are not hearsay if offered to show that Roederer has been on notice of the third-party registrations and that Defendants did not adopt the CRISTALINO mark in bad faith. Whether evidence is hearsay depends on whether it is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). The Court will determine whether the evidence to which Roederer objects is hearsay when it is offered at trial. Roederer's motion to exclude Defendants' trial exhibits relating to third-party trademark registrations and goods is denied.

## IV. Motion to Exclude Untimely Disclosed Fact Witnesses

### A. Caceres

Roederer moves to exclude the testimony of a fact witness, Carmen Perez De Caceres, on the grounds that her testimony is irrelevant and that she was not disclosed in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendants state that Caceres will testify to rebut Roederer's "mischaracterization" of foreign trademark office proceedings relating to the CRISTALINO mark. Foreign trademark proceedings are irrelevant to substantive issues of U.S.

11

trademark law. *See Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir. 1985) ("It is equally well settled that 'when trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are irrelevant and inadmissible.'" (quoting *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956))). Defendants contend that the foreign trademark office proceedings are relevant to their affirmative defenses of laches, equitable estoppel, waiver, and acquiescence. The Eighth Circuit has already decided that Defendants had notice of Roederer's objections to their use of CRISTALINO and were not prejudiced by Roederer's delay in filing suit, thereby foreclosing those affirmative defenses. Caceres's proposed testimony is not relevant to any issue remaining in this action. The Court grants Roederer's motion to exclude Caceres's testimony as irrelevant.

   **B.**   **Blasco and Milla**

  Roederer also moves to exclude the testimony of two fact witnesses, Pau Roca Blasco and Jose De Ramon Milla, because they were untimely disclosed. *See* Fed. R. Civ. P. 26(a)(1). Defendants respond that Rule 26(a)(1) did not require disclosure of these witnesses because they will testify for purposes of rebuttal. The disclosure obligation of Rule 26(a)(1) "applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or *rebuttal* of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26(a)(1) cmt. to 2000 amendments (emphasis added). According to Defendants, Blasco will testify to rebut the testimony of Roederer's witnesses as to the "nature and scope of the sparkling wine category," and Milla will testify to rebut Roederer's allegation that Defendants intended to trade off Roederer's goodwill in its CRISTAL marks. This proposed testimony clearly relates to Defendants' denial of Roederer's claims of trademark infringement. Consequently, Defendants'

12

reliance on a "rebuttal" exception to Rule 26(a) is misplaced. *See Searles & Van Bebber*, 251 F.3d 869, 877-78 (10th Cir. 2001) (affirming exclusion of "rebuttal" witness because testimony went to issue identified in the pretrial order); *United States v. M&T Mortgage Corp.*, 518 F. Supp. 2d 108, 114 (D.D.C. 2007) ("[T]here [is] no 'rebuttal' exception to [Rule 26(a)(1)].").

Defendants next contend that they were not required to produce their witness lists during discovery. While Defendants were not required to produce witness lists during discovery, they were required to disclose any individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Defendants' description of Milla's and Blasco's proposed testimony makes it clear that they fall within this category. Defendants violated Rule 26(a)(1) by failing to disclose the identities of Milla and Blasco during discovery.

"'A party that . . . fails to disclose information required by Rule 26(a) . . . shall not be permitted to use [the nondisclosed information] as evidence at a trial, at a hearing, or on a motion' 'unless such failure is harmless' or there was 'substantial justification' for the failure." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (quoting Fed. R. Civ. P. 37(c)(1)). A district court has "wide discretion" in fashioning a sanction or remedy for violations of Rule 26, but that "discretion narrows as the severity of the sanction or remedy [the district court] elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In fashioning a sanction or remedy, a court should consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the testimony would disrupt the order and efficiency of the trial, and the importance of the testimony. *Id.*

Defendants offer no explanation for their failure to disclose Milla and Blasco in their Rule 26(a)(1) disclosures. Accordingly, Defendants' failure to disclose Milla and Blasco is not substantially justified.

Milla's testimony, which is intended to rebut Roederer's allegation that Defendants intended to trade off Roederer's goodwill, is important because "[i]ntent on the part of the alleged infringer to pass off its goods as the product of another raises an inference of likelihood of confusion." *SquirtCo*, 628 F.2d at 1091. Given the importance of this testimony, however, Roederer would be significantly prejudiced at trial if Milla were permitted to testify because Roederer has not had the opportunity to depose Milla or conduct an independent investigation of any facts revealed by such a deposition. In light of the prejudice to Roederer and Defendants' lack of explanation for the untimely disclosure, the Court grants Roederer's motion to exclude Milla's testimony at trial.

Defendants' witness list indicates that Blasco will testify about "what products may be designated cava, the fact that cava designation is regulated by Spanish law and that the 'cava' designation communicates the country of origin of all cava, including Cristalino, as Spain." Although Roederer contends that it will be prejudiced by Blasco's untimely disclosure, the Court is unable to discern any real prejudice resulting from testimony on such a limited topic. The Court therefore denies Roederer's motion to exclude Blasco's trial testimony. To prevent any surprise to Roederer at trial, however, Defendants shall serve and file a written offer of proof as to Blasco's testimony before 5:00 p.m. on Monday, February 8, 2010.

## V. Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion to Strike Defenses of Laches, Equitable Estoppel, Acquiescence and Waiver [Docket No. 231] is GRANTED.

2. Plaintiff's Motion to Exclude Testimony of Dr. Itamar Simonson [Docket No. 228] is GRANTED IN PART and DENIED IN PART.

3. Plaintiff's Motion to Exclude Defendants' Trial Exhibits Relating to Third-Party Trademark Registrations and Goods [Docket No. 251] is DENIED.

4. Plaintiff's Motion to Exclude Testimony from Untimely Disclosed Fact Witnesses [Docket No. 245] is GRANTED IN PART and DENIED IN PART.

Dated: February 4, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge