UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Champagne Louis Roederer,

        Plaintiff,

v.                                                                                      Civil No. 06-213 (JNE/SRN)
                                                                                     ORDER AND INJUNCTION

J. Garcia Carrión, S.A.,
and CIV USA,

        Defendants.

---

Allen W. Hinderaker, Esq., John A. Clifford, Esq., and Heather J. Kliebenstein, Esq., Merchant & Gould P.C., appeared for Plaintiff Champagne Louis Roederer.

Peter J. Gleekel, Esq., Michael T. Olsen, Esq., and Bradley J. Walz, Esq., Winthrop & Weinstine, P.A., appeared for Defendants J. Garcia Carrión, S.A., and CIV USA.

---

       This matter came before the Court for trial starting on February 10, 2010, and ending on February 24, 2010. On July 27, 2010, the Court filed under seal Findings of Fact and Conclusions of Law. Unless the Court otherwise orders, it will either unseal or file a redacted version of the Findings of Fact and Conclusions of Law on August 10, 2010. The Court will also unseal the file on that date. The parties shall submit proposed redactions, if any, to the Findings of Fact and Conclusions of Law on or before August 3, 2010. In proposing redactions, the parties should be mindful of two considerations. First, the trial was held in open court. Second, there is a common-law presumption in favor of public access to judicial records. *See United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996); *see also Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008) ("[A]pproval of the Protective Order, which allows the parties to file certain documents under seal, does not mean that references to protected information and documents in a judicial opinion must be redacted.").

Based on the submissions of the parties, the arguments of counsel, and the entire file and proceedings herein, and for the reasons set forth in the Findings of Fact and Conclusions of Law,

IT IS ORDERED THAT:

1. Defendants and their agents, servants, and employees are permanently enjoined pursuant to 15 U.S.C. § 1116(a) and Minn. Stat. § 325D.45(1) from using the CRISTALINO name in connection with the manufacture, importation, distribution, advertisement, promotion, sale, or offering for sale of cava or sparkling wine except in accordance with the following conditions:

    a. The word "CRISTALINO" shall be used only as part of the phrase "JAUME SERRA CRISTALINO" and only in conjunction with a prominent disclaimer stating "JAUME SERRA CRISTALINO is not affiliated with, sponsored by, approved by, endorsed by, or in any way connected to Louis Roederer's CRISTAL® champagne or Louis Roederer";

    b. The phrase "JAUME SERRA CRISTALINO" shall only be displayed in a font dissimilar to the Roman serif font used for the word "CRISTAL" on bottles of CRISTAL champagne and only when the words "JAUME SERRA" are displayed in close proximity to the word "CRISTALINO," in the same font as the word "CRISTALINO," and in a font size at least as large as the font size of the word "CRISTALINO"; and

    c. When used on bottles of cava, the phrase "JAUME SERRA CRISTALINO" shall only be used on labels having a background color other than gold if the cava is a brut, dry, extra-dry, or semi-dry and other than a pink-hued copper if the cava is a rosé.

2. Defendants and their agents, servants, and employees are permanently enjoined pursuant to 15 U.S.C. § 1116(a) and Minn. Stat. § 325D.45(1) from using any mark, word, or name similar to the CRISTALINO name that is likely to cause confusion, mistake, or deception with Roederer's CRISTAL marks in connection with the manufacture, importation, distribution, advertisement, promotion, sale, or offering for sale of cava or sparkling wine except insofar as the use of the similar mark, word, or name complies with the conditions set forth in (1) with respect to the word "CRISTALINO."

3. Defendants may continue to sell their existing inventory of already-labeled bottles of CRISTALINO cava. However, pursuant to 15 U.S.C. § 1118, all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark CRISTALINO, and all plates, molds, matrices, and other means for making the same, that do not conform with the requirements of this Order, shall be destroyed; and

4. Within sixty (60) days after issuance of this Order, Defendants shall file with the Court a certification under oath detailing all efforts undertaken to comply with the requirements of (1), (2), and (3).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 27, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge