UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Champagne Louis Roederer,

    Plaintiff,

v.                                                               Civil No. 06-213 (JNE/SRN)
                                                                ORDER

J. Garcia Carrión, S.A.,
and CIV USA,

    Defendants.

On July 27, 2010, the Court found in favor of Champagne Louis Roederer (Roederer) on its trademark infringement and unfair competition claims against J. Garcia Carrión, S.A., and CIV USA (collectively, Defendants). Specifically, the Court found that Defendants' use of the name "CRISTALINO" on cava infringed Roederer's CRISTAL trademarks and constituted unfair competition under federal and Minnesota law. On the same day, the Court enjoined Defendants from using the word "CRISTALINO" on cava or sparkling wine unless certain conditions were met. [Docket No. 328.] Defendants now seek the Court's approval of proposed redesigned labels, to which Roederer objects.

The Court will not restate the terms of the injunction or reiterate in detail the arguments made by the parties in support of and in opposition to the proposed redesigns. It appears from Defendants' submissions that they are either unwilling to comply with the terms of the injunction or have decided to test the Court's resolve. Defendants' arguments suggest a failure to appreciate the consequences of having been adjudged infringers. Having engaged in trademark infringement and unfair competition, Defendants "must do more than see how close they can come with safety to that which they were enjoined from doing." *Eskay Drugs v. Smith, Kline & French Labs.*, 188 F.2d 430, 432 (5th Cir. 1951). Rather, they are "required to keep a safe

distance away from the dividing line between violation of, and compliance with, the injunction." *Id.*; *see Taubman Co. v. Webfeats*, 319 F.3d 770, 779 (6th Cir. 2003) ("'The due protection of trade-mark and similar rights requires that a competitive business, once convicted of unfair competition in a given particular, should thereafter be required to keep a safe distance away from the margin line—even if that requirement involves a handicap as compared with those who have not disqualified themselves.'" (quoting *Broderick & Bascom Rope Co. v. Manoff*, 41 F.2d 353, 354 (6th Cir. 1930))). Consequently, Defendants' arguments that complying with certain terms of the injunction is impractical and would "undermine the trademark significance" of the terms "JAUME SERRA" and "CRISTALINO" are unavailing.

The purpose of the injunction is to prevent consumer confusion. Defendants have been enjoined from using the word "CRISTALINO" on cava or sparkling wine except in accordance with the conditions set forth in the injunction. Defendants shall comply with those conditions or not use "CRISTALINO" at all. This District is the seventh busiest of the ninety-four federal judicial districts based on weighted filings per judge.[1] The Court will not engage in an exercise where Defendants submit for approval a series of proposed redesigned labels where each proposed redesign is increasingly in compliance with the injunction. Defendants should read the injunction in the context of the contemporaneously issued and extensive Findings of Fact and Conclusions of Law rather than parsing it to find potential loopholes.

IT IS SO ORDERED.

Dated: August 17, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[1] The Court obtained this statistic from the website of the federal courts, *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.